Military fay; discharge; coimterelaim. — Plaintiff’s suit alleges unlawful discharge from the United States Air Force prior to termination of his then-current third enlistment, following various complaints alleging issuance of worthless checks, failure to pay just debts, sale of mortgaged furniture, and other instances of financial irresponsibility. In seeking damages for loss of pay and allowances and requesting that the Secretary of the Air Force be directed to issue him an honorable discharge, plaintiff contends, inter alia, that his discharge was unlawful because he was not afforded certain safeguards: (1) the right to be notified in writing of his pending discharge, (2) the right to present his case before an administrative board, (3) the right to be represented by counsel, and (4) the right to call witnesses and to present statements on his behalf. On July 22, 1974 Senior Trial Judge Mastín Gr. White filed a report concluding that the record evidence does not support any of the allegations in the petition which would justify a determination that plaintiff was unlawfully discharged from the Air Force. Defendant has asserted a counterclaim for a sum representing the unearned portion of the reenlistment bonus. On October 20, 1974 the court issued the following order:
Before Nichols, Judge, Presiding, Kashiwa and KtjNzig, Judges.
“This case comes before the court on defendant’s motion, filed September 30, 1974-, to adopt with modifications the *883 recommended decision of Senior Trial Judge Mastín G. White, filed July 22, 1974, pursuant to Eule 134(h), as the basis for its judgment in this case and on plaintiff’s motion, filed November 7, 1974, to adopt the said recommended decision without modification. Upon consideration thereof, without oral argument, the court concludes that the trial judge’s recommended decision should be affirmed and adopted with the modifications requested by the defendant so as to provide for recovery by defendant on its counterclaim against plaintiff. (See Alloy Products Corp. v. United States, 157 Ct. Cl. 376, 381, 302 F.2d 528, 531 (1962) and 37 U.S.C. 308(e)). Accordingly, plaintiff’s motion to adopt the trial judge’s recommended decision without modification is denied, defendant’s motion to adopt with the requested modification is granted and the recommended decision is so adopted.
“it is therefore ordered that plaintiff is not entitled to recover and that plaintiff’s petition is to be dismissed upon the entry of judgment for defendant on its counterclaim.
“it is further ordered that defendant is entitled to recover on its counterclaim against plaintiff and judgment is entered for defendant thereon with the case remanded to the trial judge for a determination of the amount of defend-' ant’s recovery pursuant to Eule 131 (c) (2).”